IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOHN E. DANNENBERG,<br><br>        Plaintiff,<br>  v.<br><br>WARDEN ROBERT L. AYERS, Jr.,<br><br>        Defendant.<br>_____/ | **No. C 09-0832 RS**<br><br>**ORDER CONTINUING HEARING AND REQUESTING FURTHER BRIEFING RE MOTION TO DISMISS** |

## I. INTRODUCTION

Defendants' motion to dismiss is presently set to be heard on November 18, 2009. Because the existing briefing presents certain questions which the Court believes could be more meaningfully addressed through further briefing than at oral argument alone, the hearing will be continued and a further briefing schedule will be set, as described below.

## II. BACKGROUND

Plaintiff John Dannenberg was convicted of second degree murder in 1986 and sentenced to prison for an indeterminate term of 15 years to life. In 2005, the Board of Parole Hearings found

1

United States District Court
For the Northern District of California

Dannenberg suitable for parole and scheduled a release date. Governor Arnold Schwarzenegger, exercising his review power under the California Penal Code, reversed that decision. On November 16, 2007, the Sixth District Court of Appeal of the California state court system issued an opinion granting Dannenberg's petition for habeas corpus, reinstating the Board of Parole Hearings's determination, on grounds that Schwarzenegger's decision to reverse was not supported by any evidence.

The state attorney general then apparently filed a motion with the Sixth District to stay the effect of the opinion pending California Supreme Court review, and Dannenberg moved to have the Sixth District declare the decision final immediately. On December 3, 2007, the Sixth District issued an order modifying its opinion to include language that "[t]his opinion shall be final immediately with regard to this court."

Dannenberg contends that as of the time the modified opinion issued on December 3, 2007, the authorities were obligated to release him on parole, as the original date set by the Board of Parole Hearings had passed. At the time, the attorney general agreeed with Danneberg's view of the legal effect of the Sixth District's opinion, as evidenced by the fact that on December 7, 2007, the attorney general filed a petition for review with the California Supreme Court, which included a request for "an immediate stay of the Court of Appeal's order requiring the immediate release of John Dannenberg from prison."

The California Supreme Court did not immediately act on the stay request. Dannenberg filed his own application with the court seeking an order to show cause why the authorities should not be held in contempt for failing to release him as directed by the Sixth District. Then, on January 23, 2008, the California Supreme Court issued an order denying both the attorney general's stay request and Dannenberg's request for an order to show cause re contempt. The January 23, 2008 order stated that a stay was "unnecessary on the grounds that the remittitur will not issue until the matter is final as to this court."

In February of 2008, the California Supreme Court granted the petition for review, but deferred briefing or other action pending its consideration of two other cases involving a similar

2

issue. In October of 2008, the matter was transferred back to the Sixth District, with directions to reconsider in light of the opinions the California Supreme Court had by then issued in the two other cases. Upon reconsideration, on January 23, 2009, the Sixth District again concluded that the Board of Parole Hearings's decision to release Dannenberg should be reinstated, and it again made is opinion final immediately upon filing. Approximately one week later, on January 31, 2009, Dannenberg was released on parole.

Although the Sixth District docket sheet submitted by defendants indicates a petition for review was filed in the California Supreme Court, defendants contend that the Attorney General did not seek review of the Sixth District's 2009 decision. On April 22, 2009, the Supreme Court ordered the Sixth District's opinion to be published, and declined to review the decision on its own motion. On April 30, the Sixth District issued its remittitur in the matter.

Dannenberg's complaint avers that his continued incarceration after December 3, 2007 was at all times wrongful, but also breaks out each sub-period of time, i.e., December 3-7, 2007 (from when the Sixth District ruled until a supreme court stay was sought); December 7, 2007-January 13, 2008 (from when the stay was sought until the court acted on it); and January 13, 2008-January 31, 2009 (from when the stay was denied as "unnecessary" until Dannenberg's release).

The complaint advances several counts under 42 U.S.C § 1983 and state law, all of which rest on one of two basic theories: (1) it was a violation of Dannenberg's rights to keep him in prison after the Sixth District first reinstated the decision of the Board of Parole Hearings, or (2) it violated Dannenberg's *equal protection* rights to treat him differently than others similarly situated who were released.

Defendants' motion to dismiss is premised on three basic arguments: (1) the Eleventh Amendment bars the claims against defendants, who are all state officials who acted in official capacities; (2) despite the Attorney General's belief at the time that the first decision of the Sixth District required Dannenberg's immediate release, in fact no obligation to release him arose until a remittitur issued; and (3) Dannenberg's claims based on an alleged denial of equal protection are conclusory and not sufficiently pleaded.

3

III. ISSUES

1. Dannenberg's opposition contains virtually no discussion of the Eleventh Amendment issues raised by defendants. Conversely, it is not clear from defendants' briefing whether they believe the Eleventh Amendment to bar the claims against each and all of them entirely, or only to the extent that they have been sued in their "official capacities." The complaint asserts that each defendant is sued "both in his personal capacity and in his official capacity." Defendants are correct that, absent a waiver of sovereign immunity by the state, which does not appear to have occurred here, the official capacity claims cannot be pursued against them in federal court. *See Hafer v. Melo*, 502 U.S. 21, 26 (1991). If, however, Dannenberg has alleged sufficient facts to give rise to *personal* liability on behalf of defendants for their conduct, even conduct undertaken in the course of their official duties, the Eleventh Amendment is no bar. *Id.* at 30. The question, then, is whether Dannenberg has alleged such facts, and it is a question that should be addressed with respect to *each* of the named defendants individually, as their respective roles in the events varied.

For example, the complaint quite specifically alleges that it was Governor Schwarzennegger's decision to reverse the parole board, but that decision does not form the basis of Dannenberg's claims (i.e., he is not asserting that it was wrongful to keep him incarcerated between the time of his original parole date and when the Sixth District first concluded that the Governor's decision should be reversed). The complaint is far less specific in alleging any personal involvement by the Governor in Dannenberg's continued detention after the Sixth District opinion issued. Similarly the role of parole board members in attempting to let Dannenberg *out* is alleged in the complaint, but their role, if any, in keeping him *in* is less clear. In any event, the parties should address these questions with respect to each defendant separately.

2. Were the Court to conclude that the complaint does not adequately allege a basis for personal liability as to one or more of the defendants, do additional facts exist that Dannenberg could allege if given the opportunity to amend?

3. Dannenberg's central contention is that under California Penal Code §1506, the authorities were required to release him after the initial Sixth District decision unless the California

Supreme Court *granted* a stay. Since the court instead *denied* the stay, Dannenberg argues, he was at all times entitled to be paroled. Assuming Dannenberg is correct as to the effect of the original Sixth District decision and the application of §1506, that would mean that the California Supreme Court made a mistake in concluding that a stay was "unnecessary". Mistakes in legal analysis can happen, but assuming that is what happened here, why would it thereafter be wrongful for the authorities to rely on the court's order to continue holding Dannenberg? The plain import of the January 23, 2008 order, both in describing the stay as "unnecessary" and in denying Dannenberg's request for contempt proceedings, is that the California Supreme Court's held the view, mistaken or not, that California law *permitted* Dannenberg's continued incarceration. Why does not that pronouncement, from a higher state court, effectively cut off any obligation otherwise imposed by the Sixth District's original decision?

4. Assuming that any obligation to release Dannenberg was extinguished by the January 23, 2008 order, thereby eliminating his claims relating to the "sub-period" of January 23, 2008-January 31, 2009, would his claims relating to either or both of the earlier sub-periods survive (apart from Eleventh Amendment issues)? Or, by effectively declaring California law to permit Dannenberg's continued detention until a remittur issued, did the California Supreme Court, as the ultimate arbiter of California law, foreclose any claim that the prior continued incarceration was a violation of California law?

5. Assuming that the effect of the January 23, 2008 order was to render it legally *permissible* under California law for the authorities to continue to hold Danneberg in prison for any or all of the sub-periods, does that have any impact on his claims brought under the theory that he was denied *equal protection*?

6. Putting aside the Eleventh Amendment issues, if the Court were to conclude that the denial of equal protection claims have not been sufficiently pleaded, is there any reason Dannenberg should not be given leave to amend?

## IV. CONCLUSION

The hearing on the motion to dismiss is continued to January 13, 2010 at 9:30 a.m. Further briefing by Dannenberg shall be filed no later than December 16, 2009. Defendants' further briefing shall be filed no later than January 5, 2010. Each brief shall not exceed 25 pages, and the parties may address the issues in such order and manner as they see fit.

IT IS SO ORDERED.

Dated: 11/9/09

RICHARD SEEBORG
UNITED STATES MAGISTRATE JUDGE